UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DAVENPORT,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN V. HAVILAND, Warden,<br><br>    Respondent. | 1:09-cv-00665-BAK-GSA-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (Doc. 6)<br><br>ORDER FOR PETITIONER TO FILE STATUS REPORTS<br><br>ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## **PROCEDURAL HISTORY**

On March 23, 2009, Petitioner, challenging his conviction in the Kern County Superior Court, filed his original petition for writ of habeas corpus in the United States District Court for the Central District of California. (Doc. 1). On April 3, 2009, that Court transferred the case to the Sacramento Division of this Court. (Doc. 5). On April 13, 2009, the case was again transferred, this time to the Fresno Division of this Court. (Doc. 9). On April 20, 2009, Petitioner's counsel filed an amended petition raising two claims–one exhausted and one unexhausted--and requesting that a stay of proceedings be issued while Petitioner exhausts his second claim in state court. (Docs. 12, 13).

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, in 2005 the United States Supreme Court decided Rhines v. Weber, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 125 S.Ct. at 1533-1534. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner has timely filed his federal habeas petition, and has then filed an amended petition containing one exhausted claim, i.e., Petitioner's sentence is cruel and unusual in violation of the Eighth And Fourteenth Amendments, and one unexhausted claim, i.e., ineffective assistance of trial counsel at sentencing. (Doc. 12). Petitioner has also initiated state court habeas proceedings to exhaust the latter claim. In his motion for a stay, Petitioner indicates that his state habeas petition was filed on April 1, 2009 in the Kern County Superior Court, and is still pending. (Doc. 13-2, p. 2; Doc. 12, p. 4).

Thus, it appears to the Court that Petitioner is attempting to exhaust his sole unexhausted claim in a timely and expeditious manner, and there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, nor does it appear that Petitioner is engaging in dilatory conduct. Although the Court is not prepared at this time to make an assessment of the merits of the sole unexhausted claim in the amended petition, a preliminary review of that claim indicates that Petitioner has alleged a constitutional violation. Moreover, it appears that Petitioner, through counsel, is proceeding in good faith and that no prejudice would inure to the parties by granting the requested stay.

Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court,

including the dates his cases were filed, the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his first amended petition (Doc. 13), is GRANTED;

2. Proceedings on the first amended petition are STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report **every sixty (60)** days after the filing of the initial status report; and

5. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to advise the Court that the unexhausted claim has been exhausted and to request that the stay be lifted; and,

6. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case. The Court will direct the Clerk of the Court to re-open the case when and if the stay is lifted.

---

[2] The filing should be entitled "Status Report."

IT IS SO ORDERED.

Dated: **April 22, 2009**              **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE