UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DAVENPORT,<br><br>        Petitioner,<br><br>  v.<br><br>JOHN W. HAVILAND, Warden,<br><br>        Respondent. | 1:09-cv-00665-JLT HC<br><br>ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY RE-OPEN CASE<br><br>ORDER GRANTING PETITIONER'S MOTION TO DISMISS (Doc. 20)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding via counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on March 23, 2009. (Doc. 1). On April 22, 2009, the Court granted Petitioner's request to stay the proceedings to permit Petitioner to exhaust his claims in state court. (Doc. 13). In that order, the Court required Petitioner to file an initial status report within thirty days and, thereafter, to file regular status reports every sixty days. Petitioner filed the initial status report on May 22, 2009. (Doc. 15). Subsequently, Petitioner filed status reports on June 22, 2009, July 23, 2009, and on September 9, 2009. (Docs. 16, 17, & 18). In the most recent status report, Petitioner's counsel indicated that the Kern County Superior Court had ruled that Petitioner's Sixth Amendment right to effective assistance of counsel had been denied and had

scheduled a re-sentencing hearing for September 30, 2009. (Doc. 18). However, Petitioner did not file any status reports thereafter. Accordingly, on March 8, 2010, the Court issued an Order to Show Cause why the stay should not be lifted and the case should not proceed. (Doc. 19). On March 9, 2010, Petitioner, through counsel, filed a motion to dismiss the petition, indicating that Petitioner had recently received the relief he was seeking in the Kern County Superior Court. (Doc. 20).

## DISCUSSION

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 20010); see also Stevedoring Svcs. Of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." See Smith, 263 F.3d at 976.

Here, Respondent has not entered an appearance in the case, much less filed a responsive pleading. Accordingly, Petitioner may voluntarily dismiss this petition without leave of Court. Fed. R. Civ. P. 41(a). Petitioner, through his legal counsel, has made such a request based on the fact that Petitioner has received the relief he sought in the state court. Thus, the Court will grant Petitioner's motion to dismiss.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336

(2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to administratively re-open the case;

2. Petitioner's motion to dismiss the petition (Doc. 20), is GRANTED;

3. The petition for writ of habeas corpus (Doc. 1), is DISMISSED;

4.     The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

5.     The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 19, 2010**                                                              /s/ Jennifer L. Thurston
                                                                       UNITED STATES MAGISTRATE JUDGE